IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM MATTHEW HAYTON,**

      Petitioner,

v.                                  Civil Action No. 5:07cv22
                                  (Judge Stamp)

**EVELYN SEIFERT, Warden,**

      Respondent.

## OPINION/REPORT AND RECOMMENDATION

On February 9, 2007, the *pro se* petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. On March 5, 2007, the undersigned conducted a preliminary review of the file and determined that the petition appeared to be untimely filed. Accordingly, the respondent was directed to file a response on the limited issue of the timeliness of the petition.

On April 4, 2007, the respondent filed an answer to the petition and motion to dismiss as untimely. On April 6, 2007, the Court issued a notice pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), in which the petitioner was advised of his right to file material responsive to the defendant's motion to dismiss. The petitioner filed his reply on May 2, 2007.

### I. Procedural History

**A. Petitioners' Conviction and Sentence**

According to the pleadings, on June 4, 1996, the petitioner was convicted in Raleigh County, West Virginia, of one count first degree sexual assault. On September 27, 1996, the petitioner was sentenced to 15-35 years in the penitentiary. The petitioner's direct appeal was refused by the West Virginia Supreme Court of Appeals on November 19, 1997.

### B. Petitioners' State Habeas Proceedings

On September 8, 1998, the petitioner filed a petition for post-conviction habeas corpus relief in the Circuit Court of Raleigh County. The petitioner's state habeas petition was summarily dismissed on September 24, 1998. The petitioner did not appeal the denial of his state habeas petition.

### C. The Respondent's Motion to Dismiss

In the motion to dismiss, the respondent asserts that the petition is untimely filed. In support of the motion, the respondent asserts that the petitioner's conviction became final on February 17, 1998, when the time expired for the petitioner to file for Writ of Certiorari with the United States Supreme Court. Therefore, the respondent asserts that pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the petitioner's one-year limitations period began running the next day, February 18, 2007.

The respondent further asserts that the petitioner's one-year limitations period ran until September 8, 1998, when the petitioner filed his state habeas petition. At that time, the respondent asserts that 202 days of the one-year period had elapsed. The respondent concedes that the petitioner's one-year limitations period was then tolled during the pendency of the petitioner's state habeas proceedings. However, the respondent argues that because the petitioner did not appeal the denial of his state habeas petition, his one-year limitations period began running again on September 25, 1998, the day after his petition was denied, and ran until it expired 163 days later on March 8, 1999. Because the instant petition was filed almost eight years later, the respondent asserts that the instant petition is untimely and should be dismissed.

### D. The Petitioner's Reply

2

In his reply to the respondent's motion to dismiss, the petitioner asserts that he did not know that he could file an appeal of the denial of his state habeas petition. In addition, the petitioner asserts that he did not know about the one-year limitations period on federal habeas. Thus, the petitioner asks the Court for the chance to show "what is right in the eyes of the law."

## II. Analysis

### A. Timeliness of the Petition

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).[1] Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Thus, absent any state court post conviction proceeding that would have

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998), cert denied, 523 U.S. 371 (1998). Thus, the AEDPA applies to this petition.

tolled the federal limitation period,[2] the petitioner had one-year from the date his conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d).

In this case, the petition is clearly untimely. The petitioner's direct appeal was refused on November 19, 1997. Because the petitioner did not file for a writ of certiorari to the United States Supreme Court, his conviction and sentence became final when the time for doing so -- 90 days -- elapsed. Harris v. Hutchinson, 209 F.3d at 328. Accordingly, the petitioner's conviction and sentence became final on February 17, 1998, and absent any tolling event, the petitioner had until February 17, 1999, to timely file his federal habeas petition.

On September 8, 1998, the petitioner filed a state habeas petition. At that time, 202 days of the one-year limitation had expired. The one-year limitation was then tolled until September 24, 1998, when the petitioner's state habeas petition was denied. Because the petitioner did not appeal the denial of his state habeas petition, the limitations period began running again on September 25, 1998, and ran until it expired 163 days later, or March 7, 1999. Accordingly, the instant petition, filed on February 9, 2007, nearly eight years later, is untimely.

## B. Equitable Tolling

Without specifically saying so, it appears that the petitioner is arguing that he is entitled to equitable tolling.

The AEDPA statute of limitations is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d at 328-29. However, "[e]quitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'

---

[2] 28 U.S.C. § 2244(d)(2).

Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

In support of his claim for equitable tolling, the petitioner merely asserts that he did not know the proper procedure for filing an appeal of the denial of his state habeas petition, or that there was a one-year time limitation on the filing of a federal habeas petition. However, even if true, these claims are clearly not sufficient to support a finding of equitable tolling.

Accordingly, the undersigned is of the opinion that the petitioner has not shown that extraordinary circumstances existed, beyond his own conduct or control, that prevented him from timely filing his § 2254 petition. Thus, the petitioner has failed to meet the requirements for equitable tolling and the petition should be denied as untimely.

### III. Recommendation

For the foregoing reasons, it is recommended that the respondent's Motion to Dismiss Petition as Untimely Filed (dckt. 13) be **GRANTED** and the petitioner's § 2254 petition be **DENIED** and **DISMISSED with prejudice.**

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C.

§ 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 15, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE