IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM MATTHEW HAYTON,

    Petitioner,

v.                                                Civil Action No. 5:07CV22
                                                              (STAMP)

EVELYN SEIFERT, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se petitioner, William Matthew Hayton, an inmate at Northern Correctional Facility in Moundsville, West Virginia, was convicted in the Circuit Court of Raleigh County, West Virginia on June 4, 1996 of first degree sexual assault. The petitioner was sentenced to 15-35 years imprisonment. The petitioner filed a direct appeal, but his appeal was refused by the West Virginia Supreme Court of Appeals on November 19, 1997.

On September 8, 1998, the petitioner filed a petition in Circuit Court of Raleigh County for post-conviction habeas corpus relief. The state court denied the petitioner's habeas petition on September 24, 1998. The petitioner did not appeal the denial of his state habeas petition.

On February 9, 2007, the petitioner filed the instant petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. The matter was referred to United States Magistrate

Judge John S. Kaull for an initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.13. Because it appeared that the petition was untimely, the Court entered an order directing the respondent to file a response on the limited issue of timeliness. The respondent filed an answer to the petition and a motion to dismiss as untimely to which the petitioner responded. Thereafter, Magistrate Judge Kaull issued a report and recommendation recommending that the petitioner's § 2254 application be denied as untimely. The petitioner filed objections.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because objections have been filed in this case, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, there is a one-year limitation period within

2

which any federal habeas corpus motion must be filed. 28 U.S.C. § 2244(d). Specifically, the AEDPA provides in pertinent part that:

> The limitation period shall run from the last of:
>
> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such State action;
>
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). The magistrate judge applied the statue of limitations to the present case and found that the petitioner failed to file his federal habeas petition in a timely manner. Specifically, the magistrate judge found that the petitioner's federal habeas petition is untimely because nearly eight years passed between the expiration of the petitioner's time to file a federal habeas petition and the date that the petitioner filed the instant petition. This Court agrees. The petitioner's conviction became final on February 17, 1998, after the time for filing for a writ of certiorari to the United States Supreme Court expired. The

one-year limitations period for filing a federal habeas petition began to run on that day and ran for 202 days until September 8, 1998 when the limitations period was tolled by the petitioner's filing of a state habeas petition. The limitations period began running again on September 24, 1998, when the petitioner's state habeas petition was denied, and ran until it expired 163 days later, on March 7, 1999. The instant petition was not filed until February 9, 2007 and is therefore untimely.

Furthermore, the magistrate judge found that the petitioner is not entitled to equitable tolling despite the petitioner's argument that he was unaware of the existence of the one-year time limitation. This Court agrees with the position of the magistrate judge that the facts alleged by the petitioner do not support equitable tolling. "Equitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). To be entitled to equitable tolling, a time-barred petitioner must show "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. In this case, ignorance of the law does not constitute the type of

"extraordinary circumstances" necessary to justify equitable tolling.

The petitioner objects to the magistrate judge's conclusion that his petition is untimely. The petitioner argues that the application of AEDPA's one-year limitations period to his § 2254 petition violates the Ex Post Facto Clause of the United States Constitution. Specifically, the petitioner contends that because he committed the crime for which he is incarcerated on or about August 15, 1995, it is a violation of the Ex Post Facto Clause to apply the AEDPA, which was enacted in 1996, to his instant federal petition for a writ of habeas corpus. This objection is without merit. Applying AEDPA's limitation period to a petitioner who is incarcerated as a result of a crime committed prior to the enactment of the AEDPA does not violate the Ex Post Facto Clause when the petitioner receives the one-year grace period after the Act was passed to file an application for a writ of habeas corpus in federal court. See Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998)(application of AEDPA limitation period did not violate Ex Post Facto Clause as to petitioner who committed crime prior to the enactment of the AEDPA where petitioner was given the benefit of a one-year grace period after the enactment of the AEDPA); Libby v. Magnusson, 177 F.3d 43, 46-7 (1st Cir. 1999)(same). In this case, the petitioner was given the benefit of a full one-year limitation period after the AEDPA was passed. Because the petitioner

5

nonetheless failed to file his petition for a writ of habeas corpus pursuant to § 2254 within the limitation period, his petition must be denied as untimely.

III.  Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation.  The respondent's motion to dismiss the petition as untimely filed is GRANTED.  It is ORDERED the petitioner's § 2254 petition be DENIED as untimely and DISMISSED WITH PREJUDICE.  It is further ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.  Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1).  If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   February 19, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE